UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN VANDEMOER,<br><br>Defendant. | Criminal No. 19cr10079<br><br>Violation:<br><br>Count One: Racketeering Conspiracy<br>(18 U.S.C. § 1962(d)) |

SEALED

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. Defendant JOHN VANDEMOER ("VANDEMOER") was a resident of Palo Alto, California. VANDEMOER was employed as the sailing coach at Stanford University.

2. Stanford University ("Stanford") is a highly selective private university located in Palo Alto, California. The university's athletic teams compete in most sports at the Division I level, the highest level of intercollegiate athletics sanctioned by the National Collegiate Athletic Association ("NCAA").

3. Like many universities, Stanford recruits student athletes, and may apply different criteria when evaluating applications from students with demonstrated athletic abilities. The Stanford admissions office typically allocates a number of admissions slots to the Stanford athletics department, which in turn allocates those slots among the head coaches of varsity sports for recruiting purposes. The admissions prospects of recruited athletes are higher than those of non-recruited athletes with similar grades and standardized test scores.

### The Enterprise

4. The Edge College & Career Network, LLC, also known as "The Key," was a for-profit college counseling and preparation business in Newport Beach, California, founded by William Rick Singer in or about 2007 and incorporated in the State of California in or about 2012.

5. The Key Worldwide Foundation ("KWF") was a non-profit corporation in Newport Beach, California that Singer established as a purported charity in or about 2012. In or about 2013, the Internal Revenue Service ("IRS") approved KWF as an exempt organization under Section 501(c)(3) of the Internal Revenue Code, meaning that KWF was exempt from paying federal income tax. KWF maintained several bank accounts (collectively, the "KWF charitable accounts").

6. Together, The Key and KWF constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4) (the "Key Enterprise"), that is, an association in fact of entities engaged in, and the activities of which affected, interstate and foreign commerce ("the enterprise"). The Key Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Racketeering Conspiracy

7. The principal purposes of the racketeering conspiracy included the following:

   a. to facilitate the admission of students to elite universities, including Stanford, as recruited athletes, regardless of their athletic abilities; and

   b. to enrich Singer and his co-conspirators personally, and to secure additional funding for athletic programs controlled by individual coaches, including the Stanford sailing program controlled by VANDEMOER.

## Manner and Means of the Racketeering Conspiracy

8. Among the manner and means by which the VANDEMOER, Singer, and others known and unknown to the United States Attorney carried out the racketeering conspiracy were the following:

    a. designating applicants as purported recruits for competitive college athletic teams, including the Stanford sailing team, without regard for the applicants' athletic abilities, in exchange for bribes; and

    b. concealing the nature and source of the bribe payments by funneling payments through the KWF charitable accounts.

## Acts in Furtherance of the Racketeering Conspiracy

9. In or about the summer of 2017, VANDEMOER agreed to designate the child of one of Singer's clients ("Stanford Applicant 1") as a recruit for the Stanford sailing team, in exchange for a payment to Stanford sailing.

10. In support of the student's application, Singer's associate created a student-athlete "profile" that was sent electronically to Stanford, and that falsely suggested that Stanford Applicant 1 was a competitive sailor.

11. In or about May 2018, after Stanford Applicant 1 deferred his application to Stanford for one year, Singer mailed a payment of $110,000 from one of the KWF charitable accounts to the Stanford sailing program in exchange for VANDEMOER's agreement to designate Stanford Applicant 1 as a sailing recruit in the following year's recruitment cycle.

12. In or about the summer of 2018, after Stanford Applicant 1 decided to attend a different university, VANDEMOER agreed with Singer to use that same recruiting spot for the

child of another one of Singer's clients ("Stanford Applicant 2"), in exchange for a $500,000 payment to the Stanford sailing program.

13. In support of the student's application, Singer, together with others, created documents falsely indicating that Stanford Applicant 2 was a competitive sailor, although the student in fact had minimal sailing experience.

14. Although Stanford Applicant 2 ultimately did not apply to Stanford, Singer mailed a payment of $160,000 from one of the KWF charitable accounts to the Stanford sailing program.

15. VANDEMOER agreed with Singer that the payment would serve as a "deposit" for a future student's purported recruitment.

## COUNT ONE
## Racketeering Conspiracy
## (18 U.S.C. § 1962(d))

The United States Attorney charges:

16. The United States Attorney re-alleges and incorporates by reference paragraphs 1-15 of this Information.

17. From in or about 2016, and continuing through February 2019, in the District of Massachusetts and elsewhere, the defendant,

## JOHN VANDEMOER,

being a person associated with The Key Enterprise, an enterprise engaged in, and the activities of which affected interstate and foreign commerce, conspired with others known and unknown to the United States Attorney to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5).

18. The pattern of racketeering activity referenced above, as defined by Title 18, United States Code, Sections 1961(1) and (5), consisted of multiple acts indictable under:

    a. Title 18, United States Code, Section 1341 (relating to mail fraud);

    b. Title 18, United States Code, Sections 1341 and 1346 (relating to honest services mail fraud);

    c. Title 18, United States Code, Section 1343 (relating to wire fraud);

    d. Title 18, United States Code, Sections 1343 and 1346 (relating to honest services wire fraud); and

    e. Title 18, United States Code, Section 1956 (laundering of monetary instruments).

19. It was part of the conspiracy that VANDEMOER agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

ANDREW E. LELLING<br>
UNITED STATES ATTORNEY

By: _____
ERIC S. ROSEN
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
Assistant U.S. Attorneys

Date: March 5, 2019